## ARNOLD v UNITED INS CO

Ohio Common Pleas Court, Hamilton Co

Decided June 8, 1937

Ophelia Emden, Cincinnati, for appellant.
Chester J. Clark, Cincinnati, for appellee.

### OPINION

By GORMAN, J.

The matter is before the court upon an appeal from a judgment rendered in the Municipal Court of the city of Cincinnati, Ohio.

William Arnold was issued a policy by The United Insurance Company which provided for weekly accident benefits. Shortly after the policy was issued, the record shows that "he had suffered an accident to his wrist, and exhibited to the court the scar which showed at the place of injury as indicated by the plaintiff; that he suffered serious injuries, had his arm in a splint, was totally incapacitated from working for a period of six weeks or more, and that he had never fully recovered therefrom, still having a certain amount of pain and incapacity therefrom; that he immediately notified the defendant at their local office, at which time their local manager rejected the claim and refused payment, claiming that the books which were kept by the office did not show payment of premiums up to date, and claiming that the policy had lapsed. Plaintiff further testified that he promptly secured treatment from a physician, to-wit: Dr. Aratus, who treated him for said injury for six weeks; that the latter had provided plaintiff with six weekly certificates which he filled out from forms provided by the defendant company and which the plaintiff duly delivered at the local office of the company, but that each time said defendant's manager rejected his claim for benefits."

Appellant's sister also corroborated the statements he made as to his injury, but there was no testimony of any physicians presented.

At the conclusion of appellant's case the court entered judgment for the appellee on the ground that "plaintiff failed to offer any testimony of a regularly licensed physician" which he was required to do under Part Seventeen of the policy.

Part Seventeen of the policy reads as follows:

"Benefits hereunder shall only be payable for the period that the insured is under the professional care and regular attendance, at least once each seven days, of a licensed physician, surgeon or osteopath other than himself.

(b) The insured will not be entitled to any benefits for disability under the policy of less than four days' duration, nor until he or she shall furnish the company. in accordance with Standard Provision 4, on one of its prescribed blanks, a certificate by a regularly licensed and practicing physician giving, specifically, the name and nature of the sickness or accident; and if the sickness or accidental disability shall continue for more than one week, a like certificate must be furnished at the beginning of each succeeding week of sickness or accidental disability. No liability for sickness or accidental injuries shall begin to accrue under this policy for any week until such a certificate is received as above set forth."

In its findings of fact and conclusions of law the court said that "the plaintiff failed to comply with the conditions of the contract by his failure to produce the physican who treated him during his disability" which was incumbent on the plaintiff under the provisions of Part Seventeen.

This court is unable to place such a construction upon the two above mentioned clauses. It does not require medical testimony to be offered in court. If it did its validity might be seriously challenged if perchance the physician could not be located or was dead.

The statement of the plaintiff that he was treated by a physician would satisfy

the requirements of Part Seventeen (a). As to the other section however, the company was entitled to have a certificate of a physician filed with it on a prescribed blank setting forth "the name and nature of the sickness or accident; and if the sickness or accidental disability shall continue for more than one week."

Appellant testified that he filed a certificate, but the contents of the certificate are unknown to this court. The court is unable to say whether the certificate set forth the name and nature of the sickness or accident. Obviously if it did not then the appellee was justified in rejecting appellant's claim.

The certificate having been presented to the company, could have been introduced in evidence, and if not available, proof of its contents submitted.

It was a condition precedent to recovery on this policy to show not only that a certificate was filed, but one that complied with the provisions of Part Seventeen (b). This appellant failed to do, and for that reason a judgment of dismissal was proper.

The appeal is therefore dismissed and the judgment of the Municipal Court affirmed.